979 F.2d 851
 142 L.R.R.M. (BNA) 2312
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ELECTRI-TECH, INC. and Electric One, Inc., Alter Egos and a
Single Employer, Respondents.
 No. 92-6276.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1992.
 
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondents, Electri-Tech, Inc. and Electric One, Inc., Oak Park, Michigan, alter egos and a single employer, their officers, agents, successors, and assigns, enforcing its order dated March 16, 1992, in Case Nos. 7-CA-31773 and 7-CA-31855, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondents, Electri-Tech, Inc. and Electric One, Inc., Oak Park, Michigan, alter egos and a single employer, their officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from
 
 3
 (a) Refusing to recognize Local 58, International Brotherhood of Electrical Workers, AFL--CIO, as the limited exclusive collective-bargaining representative of the employees in the appropriate unit and refusing to abide by the terms of the collective-bargaining agreement with the Union. The appropriate unit consists of:
 
 
 4
 All full-time and regular part-time employees employed by the Respondents performing electrical construction work within the jurisdiction of the Charging Union on all present and future jobsites; but excluding all guards and supervisors as defined in the Act.
 
 
 5
 (b) Transferring work and contracting jobs in order to avoid their bargaining obligation with the Union.
 
 
 6
 (c) Refusing to provide the Union with information that is necessary and relevant to the performance of the Union's role as exclusive collective-bargaining representative of the unit employees.
 
 
 7
 (d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 8
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 9
 (a) Recognize the Union as the limited exclusive collective-bargaining representative of the unit employees, and abide by all the terms and conditions of the collective-bargaining agreement with the Union.
 
 
 10
 (b) Make whole unit employees for any losses in wages or benefits they may have suffered because of the Respondents' refusal to abide by the terms of the collective-bargaining agreement, and resulting from the transfer of work and contracting jobs from Electric One to Electri-Tech, as set forth in the remedy section of the Board's decision.
 
 
 11
 (c) On request, provide the Union with the information requested on March 12 and April 15, 1991, that is relevant and necessary to the Union's performance of its function as the limited exclusive collective-bargaining representative of the unit employees.
 
 
 12
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 13
 (e) Post at the Respondents' facility in Oak Park, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondents' authorized representative, shall be posted by the Respondents immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondents to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 14
 (f) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps Respondents have taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 15
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES
 
 COURT OF APPEALS ENFORCING AN ORDER OF THE
 NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 16
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 17
 WE WILL NOT refuse to recognize Local 58, International Brotherhood of Electrical Workers, AFL--CIO, as the limited exclusive collective-bargaining representative of our employees in the appropriate bargaining unit, and WE WILL NOT refuse to abide by the terms of our collective-bargaining agreement with the Union. The appropriate bargaining unit consists of:
 
 
 18
 All full-time and regular part-time employees employed by the Respondents performing electrical construction work within the jurisdiction of the Charging Union on all present and future jobsites; but excluding all guards and supervisors as defined in the Act.
 
 
 19
 WE WILL NOT transfer work or contract jobs in order to avoid cur bargaining obligation with the Union.
 
 
 20
 WE WILL NOT refuse to provide the Union with information that is necessary and relevant to the performance of its function as exclusive collective-bargaining representative of the unit employees.
 
 
 21
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.
 
 
 22
 WE WILL recognize the Union as the exclusive collective-bargaining representative of our unit employees, and WE WILL abide by the terms of our collective-bargaining agreement with the Union.
 
 
 23
 WE WILL make whole unit employees for any loss in wages or benefits they may have suffered because of our refusal to abide by the terms of our collective-bargaining agreement with the Union, and resulting from our unlawful transfer of work and contracting jobs, with interest.
 
 
 24
 WE WILL, on request, furnish the Union with the information requested on March 12 and April 15, 1991, that is necessary and relevant to the Union's performance of its role as the limited exclusive collective-bargaining representative of the unit employees.
 
 ELECTRI-TECH, INC. and
 
 25
 ELECTRIC ONE, INC.
 
 
 26
 (Employer)
 
 
 27
 Dated __________ By __________ (Representative) __________ (Title)
 
 
 28
 This is an official notice and must not be defaced by anyone.
 
 
 29
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313--226--3219.